IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ANTHONY RUBERTO,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO.** |
| | ) | |
| **EVEREST ASSET MANGEMENT, LLC** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ANTHONY RUBERTO ("Plaintiff"), and his attorneys, Kimmel & Silverman, P.C., and for his Complaint against the Defendant, EVEREST ASSET MANGEMENT, LLC ("Defendant").

Plaintiff alleges and states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### II.     JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### III.     PARTIES

3.     Plaintiff is an adult individual who resides in Niles, Ohio, 44446.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), in that it held itself out to be a company collecting a consumer debt allegedly owed to another.

6. Defendant is a debt collection company in the that does business in the state of Ohio with its principal place of business located at 1007 North Federal Hwy #306 Ft. Lauderdale, FL 33304

7. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. BACKGROUND ON FDCPA

8. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

9. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector

may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

      10.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

      11.      Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

### V.    FACTUAL ALLEGATIONS

12. For purpose of background, sometime in or around 2008, Defendant began to contact Plaintiff regarding an alleged credit card debt owed to "Bitach Fund".

13. The alleged debt arose from transactions that were primarily for personal, family or household purposes.

14. Plaintiff was not aware, and is not currently aware, of any credit card debt owed to Defendant or to "Bitach Fund", in 2008 or at the present time.

15. In December, 2008, Plaintiff sent Defendant a written correspondence, disputing that he owes the alleged debt to "Bitach Fund", demanding that all contacts from Defendant cease, and demanding from Defendant all documents that would prove the existence of the alleged debt. A true and accurate copy of Plaintiff's December, 2008 correspondence and a Certified Mail return receipt indicating that the correspondence was received by Defendant is attached as Exhibit "A".

16. Despite his clear and unambiguous demands, at no time did Plaintiff receive a verification of the debt from Defendant, and Defendant's collection attempts of the "Bitach Fund" account continued.

17. In June and July of 2011, Defendant placed repeated harassing telephone calls to Plaintiff in order to collect the alleged "Bitach Fund" debt.

18. The telephone calls were from numbers, including but not limited to (786) 228-5570. The undersigned has confirmed that this number belongs to Defendant.

19. Defendant's representatives often called Plaintiff multiple times per day.

20. On or around July, 9, 2011, using numbers including, but not limited to (786) 228-5570, Defendant placed nineteen (19) calls to Defendant in a single twenty-four (24) hour period.

21. Defendant's representatives, including but not limited to "Tom Rogers" (phonetic) falsely informed Plaintiff that that Defendant does not have to validate the debt, and that debt collectors may call consumers "at any time".

22. In or around July, 2011, a representative for Defendant referred to Plaintiff as a "deadbeat" and a "bum".

23. In or around July, 2011, a representative called Plaintiff's elderly mother at her residence, requesting personal information regarding Plaintiff.

24. This telephone call caused significant stress and embarrassment for both Plaintiff and his elderly mother.

25. Defendant's actions as described herein were taken with the intent to harass, abuse, annoy, deceive and coerce payment of the alleged debt from Plaintiff.

### VI. CONSTRUCTION OF APPLICABLE LAW

26. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

27. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the

FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d 1318.

## VII.     ALLEGATIONS

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

29.     Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a)     Communicating with a third party, in connection with the collection of an alleged debt, in violation of 15 U.S.C 1692c(b);

b)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the debt plaintiff does not as owe in violation of 15 U.S.C 1692d;

      c)      Causing Plaintiff's telephone to ring repeatedly or engaging Plaintiff in repeated telephone conversations to the intent of which was to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. 1692d(5);

      d)      Making deceptive, false or misleading representations when attempting to collect a debt in violation of § 15 U.S.C. 1692e;

      e)      Making deceptive, false or misleading representations when attempting to collect a debt in violation of § 15 U.S.C. 1692e(10);

      f)      Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

**PRAYER FOR RELIEF**

WHEREEFORE, Plaintiff ANTHONY RUBERTO respectfully prays that judgment be entered against the Defendant for the following:

      A.      Actual damages;

      B.      Statutory damages;

      C.      Costs and reasonable attorney's fees; and,

      D.      For such other and further relief as may be just and proper

### VIII.  DEMAND FOR A JURY TRIAL

Plaintiff, ANTHONY RUBERTO demands a trial by jury as to all issues triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of Plaintiff's claims in this action.

                                          Respectfully submitted,

DATED:  10/13/11                 /s/ Christina Gill Roseman
                                          Christina Gill Roseman
                                          Attorney ID #:  0083325
                                          KIMMEL & SILVERMAN, P.C.
                                          210 Grant Street, Suite 202
                                          Pittsburgh, PA 15219
                                          Phone: (412) 566-1001
                                          Fax: (412) 566-1005
                                          Email: croseman@lemonlaw.com