PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY RUBERTO, ) | |
| ) | CASE NO. 4:11cv2178 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| EVEREST ASSET MANAGEMENT, LLC, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 14] |

This matter is before the Court upon the Motion for Default Judgment against Defendant Everest Management, LLC filed by Plaintiff Ruberto on November 16, 2012. ECF No. 14. For the reasons expressed below, the Court grants Plaintiff's Motion as to statutory damages sought in addition to an award of modified attorney fees.

**I. Background**

Plaintiff filed a Complaint on October 13, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. ECF No. 1. On February 10, 2012, Plaintiff filed a Motion to Amend Complaint (ECF No. 4) and a Motion for Extension of Time to Serve Defendant (ECF No. 5).[1] The Court granted both these motions on February 13, 2012. On March 8, 2012, Plaintiff filed an Amended Complaint. ECF No. 6. Service was executed on April 9, 2012. ECF No. 11. Defendant did not answer or otherwise respond, and on May 16, 2012, Plaintiff filed an Application to Clerk for Entry of Default against Defendant. ECF No. 12. The Clerk entered default on October 11, 2012, and a copy of the same was mailed

---

[1] Plaintiff had an incorrect address for Defendant. ECF No. 4 at 1.

(4:11cv2178)

to Defendant.  ECF No. 13.  In his Motion for Default Judgment, Plaintiff requests $1,000 in statutory damages pursuant to the FDCPA, and his attorneys, part of the firm Kimmel & Silverman ("Kimmel"), request fees and costs in the amount of $3,628.50.  ECF No. 14 at 4-5.

## II.  Standard of Review

After a default has been entered pursuant to Fed. R. Civ. Pro. 55(a), the party seeking relief from a defaulting party may apply for default judgment pursuant to Rule 55(b).  *HICA Educational Loan Corp. v. Jones*, 2012 WL 3579690, at *1 (N.D. Ohio 2012).  A default upon well-pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages.  *Id.* (citing *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. App'x. 452, 457 (6th Cir.2011) ( citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.1995)).  In order to enter default judgment, the Court must determine the amount of damages.  *HICA,* 2012 WL 3579690, at *1.  The Court may determine the amount of damages by affidavit and/or other documentary evidence.  *Id*.  An evidentiary hearing is not required by Rule 55(b) if the amount of damages can be determined by computation from the record before the Court.  *Id*.

In a successful FDCPA case, plaintiff's counsel may seek "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  The district court determines what is reasonable in light of the particular circumstances of each case.  *Smillie v. Park Chemical Co.*, 710 F.2d 271, 275 (6th Cir.1983) (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir.1974)).  A reasonable fee "is one that is adequate to attract competent counsel, but [does] not produce windfalls to attorneys." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)

(4:11cv2178)

(internal quotes and ellipses omitted)). Determining a reasonable rate requires that the court use prevailing market rates in the local community. *Missouri v. Jenkins*, 491 U.S. 274, 285–86 (1989).

### III. Discussion

#### A. Plaintiff's Statutory Award

The FDCPA provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices . . . ." 15 U.S.C. § 1692(a). Section 1692k provides for a plaintiff to recover for "any actual damage sustained" by a defendant's failure to comply with a provision of the statute, and, where the plaintiff is an individual, "additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1)-(2). Plaintiff has alleged Defendant violated numerous sections of the FDCPA and requests $1,000 in statutory damages. ECF No. 14 at 3-4. The Court grants this request.

#### B. Attorney Fees

In support of its request for attorney fees pursuant to the FDCPA, Kimmel filed affidavits and other documentary evidence sufficient to establish reasonable attorney fees. ECF No. 14-1; 14-2; 14-3. Kimmel seeks the following billable hours, rates and total fees for its work on Plaintiff's case:

| Attorney (A)/ Paralegal (P) | Hours | Hourly Rate | Total |
|---|---|---|---|
| Amy L. Bennecoff (A) | 8.6 | $200.00 | $1,720 |
| Jacob U. Ginsburg (A) | 4.5 | $175.00 | $787.50 |

3

(4:11cv2178)

| Dawn Grob    (P) | 2.2 | $110.00 | $242.00 |
| --- | --- | --- | --- |
| Pete Keltz    (P) | 6 | $60.00 | $360.00 |
| Jason Ryan    (P) | .4 | $110.00 | $44.00 |
| **Costs** | | | $475.00 |
| **Total** | 21.7 | | **$3,628.50** |

The Court awards the following billable hours, rates and total fees for work on Plaintiff's case:

| **Attorney**[2] | **Hours** [3] | **Hourly Rate** [4] | **Total** |
| --- | --- | --- | --- |
| Amy L. Bennecoff | 6.9 | $200.00 | $1,380.00 |
| Jacob U. Ginsburg | 4.5 | $175.00 | $787.50 |
| **Costs** | | | $475.00 |
| **Total** | 11.4 | | **$2,642.50** |

---

[2] The Court does not compensate work done by paralegals in the instant case. While it is fair to say that "[w]ork done by non-attorneys such as paralegals or law clerks, may be compensable . . . if the work is 'sufficiently complex' or work 'traditionally performed by attorneys[,]'" the Court does not find the work done by paralegals in the instant case to be sufficiently complex to warrant an award of fees. *Snyder v. Comm'r of Soc. Sec.*, 2011 WL 66458, at *2 (N.D. Ohio, Jan. 10, 2011). Further, the work traditionally performed by attorneys in the instant case does appear to have been performed by attorneys, for which they will be compensated. The Court notes that this was a case that resulted in default judgment, handled by a law firm that is well versed in FDCPA cases across the country.

[3] The Court does not compensate an attorney for checking emails from the Court *via* CM/ECF or from the process server. "[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Accordingly, Bennecoff's hours have been reduced by the amount of time spent reviewing emails from CM/ECF and the process server.

[4] The Court finds that the hourly rate is reasonable. *See also Jablonski v. Portfolio Recovery Associates, LLC*, 3:11-cv-2291, ECF No. 22 at 6 (N.D. Ohio, Apr. 30, 2012) (same).

(4:11cv2178)

## IV. Conclusion

For the aforementioned reasons, the Court grants Plaintiff's Motion for Default Judgment (ECF No. 14) against Defendant Everest Asset Management, LLC in the amount of $1,000 in statutory damages. The Court additionally awards attorney fees and costs to Kimmel in the amount of $2, 642.50 from Defendant.

IT IS SO ORDERED.

 November 28, 2012         /s/ Benita Y. Pearson
Date                    Benita Y. Pearson
                        United States District Judge